UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSYE WAYNE POWELL, ) | No. CV 16-7619 RSWL (FFM) |
| ) | |
| Petitioner, ) | ORDER SUMMARILY DISMISSING |
| v. ) | PETITION |
| ) | |
| STEVE LANGFORD, Warden, ) | |
| ) | |
| Respondent. ) | |
| ———————————————— ) | |

On October 13, 2016, Petitioner Jessye Wayne Powell ("Petitioner"), a federal inmate currently incarcerated at the Federal Prison Institution in Lompoc, California, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Petition") (Dkt. No. 1) and a supporting memorandum of points and authorities ("Mem.") (Dkt. No. 2).  The Petition challenges Petitioner's 2007 sentence imposed pursuant to a guilty plea in the District Court for the Western District of North Carolina.

## PROCEDURAL BACKGROUND[1]

On August 13, 2007, Petitioner pled guilty to one count of conspiracy to distribute and possess a controlled substance (21 U.S.C. § 846) ("count one") and one count of conspiracy to commit money laundering (18 U.S.C. § 1956(h)) ("count three").      In

---

[1]  The Court takes judicial notice of Petitioner's criminal and post-conviction proceedings in the Western District of North Carolina in case nos. 3:06-cr-189-RJC ("Crim. Dkt.") and 3:11-cv-377-RJC ("Civ. Dkt.").

calculating Petitioner's sentence, the sentencing court classified Petitioner as a "career offender" under United States Sentencing Guidelines ("U.S.S.G.") § 4B1.1.[2]   The court's bases for finding that Petitioner was a "career offender" were a 1987 conviction in the Northern District of California for a violation 21 U.S.C. § 841(a)(1)(B) and a 1999 conviction in San Bernardino County, California, for a violation of California Health and Safety Code § 11352(a).[3]   (Mem. at 13-14.)  Based on Petitioner's status as a career offender, Petitioner's recommended prison term for count one was between 262 and 327 months. (Crim. Dkt. 171, Transcript of Sentencing Hearing, at 7:13-14.)  The court imposed the low-end sentence of 262 months imprisonment for count one and 240 months imprisonment, running concurrently therewith, for count three.  (Crim. Dkt. 165, Judgment, at 2.)  Petitioner's conviction and sentence were affirmed by the Fourth Circuit Court of Appeals.  *United States v. Powell*, 389 F. App'x 287 (4th Cir. 2010) (unpublished memorandum).

On or about August 1, 2011, Petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 ("section 2255").  (Civ. Dkt. 1.)  Therein, he asserted the following claims: (1) ineffective assistance of counsel; (2) prosecutorial misconduct; and (3) actual innocence with respect to the money laundering conviction.  (*Id.* at 5.)  The ineffective assistance of counsel claim was based, in part, on Petitioner's contention

---

[2]   U.S.S.G. § 4B1.1, in relevant part, provides the following: "[a] defendant is a career offender if . . . the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense."

While neither the transcript of the sentencing hearing nor the judgment indicates that "career offender" as defined in U.S.S.G. § 4B1.1 was used to calculate Petitioner's sentence, the sentencing court's denial of Petitioner's initial section 2255 motion to vacate his sentence indicates that § 4B1.1 was the guideline used to sentence Petitioner as a career offender.  (Crim. Dkt. 179, Order Denying Motion at 7.)

[3]   A person violates Cal. Health and Safety Code § 11352(a) when he "transports, imports into this state, sells, furnishes, administers, or gives away, or offers to transport, import into this state, sell, furnish, administer, or give away, or attempts to import into this state or transport any controlled substance."

that counsel failed to object to his classification as a career offender.  Similarly, Petitioner also filed a motion to amend his 2255 motion by adding a claim that *Descamps v. United States*, 133 S. Ct. 2276 (2013), rendered impermissible the sentencing court's use of his 1999 conviction as a predicate for the career offender sentence enhancement.  (*See generally* Civ. Dkt. 9, Motion to Amend.)

The sentencing court denied Petitioner's section 2255 motion.  Notably, the court found that it had permissibly relied upon Petitioner's 1999 conviction to enhance Petitioner's sentence under U.S.S.G. § 4B1.1.  (Order Denying Motion at 7.)  Furthermore, the court denied Petitioner's motion to amend on the basis that *Descamps* had not been made retroactive to cases on collateral review.  (Id. at 10-11.)  The court also denied Petitioner a certificate of appealability.  (Id. at 11.)  Petitioner sought a certificate of appealability from the Fourth Circuit Court of Appeals, but his request was denied.  *United States v. Powell*, 599 F. App'x 104 (4th Cir. 2015) (unpublished memorandum).

## PETITIONER'S CONTENTION

Petitioner's primary contention is that the sentencing court erroneously relied upon his 1999 conviction when classifying him as a "career offender" under U.S.S.G. § 4B1.1.  Petitioner asserts that, had the court not relied on that conviction, he would not have been subject to the increased advisory guideline range that resulted from his status as a career offender.

## DISCUSSION

Because Petitioner is challenging the legality of his sentence, he may not assert his claim under 28 U.S.C. § 2241 ("section 2241") unless he can show that his remedy under section 2255 is inadequate or ineffective to test the legality of his detention.  Here, Petitioner fails to make that showing.  Thus, the Court lacks jurisdiction to decide Petitioner's claim.  Moreover, as Petitioner's claim appears untimely, the Court declines to transfer this matter to the sentencing court or the Fourth Circuit Court of Appeals.

A.   Petitioner May Not Raise His Claim in a Petition Under Section 2241

The Court is obligated to address the issue of jurisdiction before it can reach the merits of Petitioner's claim.  *See Hernandez v. Campbell*, 204 F.3d 861, 865-66 (9th Cir. 2000).  Challenges to the legality of a conviction or a sentence generally must be made in a motion to vacate sentence filed under section 2255 in the sentencing court. *Harrison v. Ollison*, 519 F.3d 952, 955 (9th Cir. 2008).  Challenges to the manner, location, or conditions of a sentence's execution must be filed under 28 U.S.C. § 2241 ("section 2241") in the custodial court.  *See Hernandez*, 204 F.3d at 864.

Notwithstanding the general rule that a petitioner must challenge the legality of his confinement in the sentencing court, section 2255(e) provides an exception to this rule if section 2255 "is inadequate or ineffective to test the legality of his detention." Under section 2255(e), known as the "escape hatch," a petitioner may challenge the legality of his sentence in the custodial court through a petition filed under section 2241 if he meets certain requirements.  *E.g.*, *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012).  In the Ninth Circuit, the escape hatch is available to a petitioner when he "(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim."  *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006) (internal quotation marks omitted).  Significantly, if the petitioner satisfies the escape hatch requirements, he may avoid the procedural hurdles that are specific to section 2255 motions.  *See, e.g.*, *Ivy v. Pontesso*, 328 F.3d 1057, 1059-60 (9th Cir. 2003) (petitioner may use the escape hatch to avoid the bar on second or successive motions).

Here, Petitioner freely acknowledges that he seeks to challenge the legality of his sentence and therefore should ordinarily have presented his claim in a motion under section 2255.  However, as Petitioner has previously filed a 2255 motion, any further motions are subject to denial as second or successive unless his claims are based on newly discovered evidence or on a new rule of constitutional law.  *See* 28 U.S.C. 2255(h).  Because his present claim is not predicated on either of those acceptable bases, Petitioner argues that section 2255 leaves him no way to raise his present claim and is therefore "inadequate or insufficient to test the legality his detention."  Additionally,

Petitioner urges the Court to adopt the Seventh Circuit's standard for determining whether a petitioner can avail himself of the escape hatch.

As Petitioner does in fact seek to challenge the legality of his sentence, the Court agrees that the Petition should be filed as a section 2255 motion in the sentencing court unless Petitioner can demonstrate that the escape hatch entitles him to file the Petition under section 2241. However, Petitioner has not presented any convincing reason why the Court should abandon the Ninth Circuit's established standard for determining whether a petitioner may challenge the validity of his sentence under section 2241. Thus, the Court declines to substitute the Seventh Circuit's standard in this case.

Because the crux of Petitioner's argument is that he has not had an unobstructed procedural shot at bringing his claim, the Court addresses that prong of the escape hatch analysis first.

1.   Petitioner Has Had An Unobstructed Procedural Shot at Presenting His Present Claim in a Section 2255 Motion

That section 2255(h) does not permit the filing of second or successive motions on the basis that a petitioner's new claims are based on statutory grounds, as opposed to a new constitutional rule, does not automatically mean that a petitioner has not had an unobstructed procedural shot at raising his claim. *Ivy*, 328 F.3d at 1059 (citing *Lorensten v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000)). Rather, a petitioner must also demonstrate that he could not have raised his claim in his initial section 2255 motion. *See id.* at 1060 ("[I]t is not enough that the petitioner is presently barred from raising his claim of innocence by motion under § 2255. He must never have had the opportunity to raise it by motion."). In this regard, when determining whether a petitioner has had an unobstructed procedural shot at previously raising a claim, courts consider: "(1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first section 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after that first § 2255 motion." *Harrison v. Ollison*, 519 F.3d 952, 960 (9th Cir. 2008) (internal quotation marks omitted). A "relevant" change

in the law must be "material." *See id.* Thus, where the law upon which a petitioner relies was established before the petitioner filed his first 2255 motion, the escape hatch is unavailable to the petitioner. *See id.*

Here, Petitioner asserts that he has not had an unobstructed procedural shot at presenting his claim because the legal basis for his claim was only established with the Supreme Court's recent decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016).

In *Mathis*, the Supreme Court considered whether a sentencing court had properly used the defendant's prior convictions under Iowa's burglary statute to enhance his sentence pursuant to the Armed Career Criminal Act ("ACCA"). There, the Court reiterated its previously established method, known as the "categorical approach," for determining whether a prior conviction may be used as a predicate to enhance a defendant's sentence. *Id.* at 2248-49. As the Court explained, under the "categorical approach," a sentencing court compares the statutory elements of the offense for which the defendant was previously convicted with the elements of the "generic" version of that crime. *Id.* If the elements of the statute indicate that it criminalizes the same or narrower scope of conduct as the "generic" version of the crime, the conviction may be used to enhance the defendant's sentence. *Id.* The Court also noted that, some statutes will define multiple crimes by disjunctively listing multiple, alternative elements therein (called "divisible" statutes) and that in such instances, the straightforward categorical approach is difficult to apply. *Id.* at 2249. When confronted with divisible statutes, courts may look to certain relevant documents to determine which of several listed crimes under one statute a defendant was convicted. *Id.* This method is known as the "modified categorical approach." *Id.*

Applying these tests, the *Mathis* Court found that the defendant's five convictions under Iowa's burglary provision could not be used as predicate offenses for the purposes of the ACCA's sentence enhancement. *Id.* at 2253-54. At the time the defendant was convicted, Iowa's burglary statute criminalized unlawfully entering "any

building, structure, [or] land, water, or air vehicle." Iowa Code § 702.12 (2013).[4]  The Court determined that the statute was not "divisible" because it did not define multiple crimes, but simply listed alternate means of committing one crime — burglary.  *Mathis*, 136 S. Ct. at 2250.  In keeping with its prior holdings that the modified categorical approach may only be applied to divisible statutes, the Court declined to extend its use to statutes that list multiple means of committing a single crime, such as Iowa's burglary provision.  *Id.* at 2256-57.  Thus, the Court found that the sentencing court's use of the "modified categorical approach" to the defendant's prior convictions was impermissible and vacated the defendant's ACCA mandated sentence.  *Id.* at 2253-54.

Petitioner asserts that *Mathis* bars the use of his 1998 conviction under Cal. Health and Safety Code § 11352(a) as a predicate offense for the purposes of U.S.S.G. § 4B1.1.  However, Petitioner does not contend that Section 11352(a) is a statute in the same class as Iowa's burglary statute, i.e. one that offers multiple means of committing a single crime.  Instead, he acknowledges that it is a "divisible" statute to which sentencing courts properly apply the modified categorical approach.  Nonetheless, Petitioner argues that it was not until *Mathis* that courts were permitted to apply the modified categorical approach to determine whether a conviction under a "divisible" statute could be used to enhance a defendant's sentence.  On this basis, Petitioner contends that *Mathis* represents a change in the law that was not available to him when he filed his first section 2255 motion.

Petitioner cannot show that he has been denied an unobstructed procedural shot at presenting his claim because the legal principles upon which he relies were settled prior to the date he filed his initial section 2255 motion and remained unchanged with *Mathis*. The categorical and modified categorical approaches were first enunciated over two decades before *Mathis* in *Taylor v. United States*, 495 U.S. 575 (1990).  Moreover, the Supreme Court permitted the application of the modified categorical approach to

---

[4]  Iowa's burglary statute has since been renumbered as Iowa Code § 713.

"divisible" statutes, at the latest, in 2005.  *See Shepard v. United States*, 544 U.S. 1254 (2005) (approving the use of the modified categorical approach by sentencing courts in determining to which crime within a divisible statute defendant had pled guilty).  Further still, prior to the date on which Petitioner filed his first motion to vacate his sentence, the Supreme Court had consistently reaffirmed courts' use of the modified categorical approach when confronted with a "divisible" statute.  *See Nijhewan v. Holder*, 557 U.S. 29 (2009); *Johnson v. United States*, 559 U.S. 133 (2010).  Thus, it was well established by the time Petitioner filed his first 2255 motion that sentencing courts should apply the modified categorical approach to "divisible" statutes.  As detailed above, *the Mathis* Court merely reaffirmed that established principle and declined to extend it to a subset of laws that Petitioner acknowledges do not apply to him.[5]

Based on the foregoing, it is clear that *Mathis* did not create the legal basis for Petitioner's claim nor did it materially change the pertinent law.[6]  Accordingly, the Court concludes that Petitioner had an unobstructed procedural shot at presenting his claim and therefore cannot satisfy the second element of the escape hatch analysis.

2.      Petitioner's Claim is Not One of Actual Innocence

Petitioner does not argue that he is actually innocent, presumably because he reads the Seventh Circuit's standard as not imposing such a requirement.  (*See* Mem. at 5.)  In any event, the Court concludes that Petitioner's claim would not satisfy the "actually innocent" prong of the escape hatch test had Petitioner raised it.

In *Marrero*, the Ninth Circuit held that "the purely legal argument that a petitioner

---

[5]  Notably, the Fourth Circuit had extended the use of the modified categorical approach to U.S.S.G. § 4B1.1 by the time Petitioner filed his first 2255 motion.  *See United States v. Peterson*, 629 F.3d 432 (4th Cir. 2011).

[6]  Thus, even if the Court had adopted the Seventh Circuit's escape hatch standard, Petitioner would still not have been permitted to file his claim in a 2241 petition.  *See Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013) ("[T]he prisoner must show that he relies on a retroactive decision that he could not have invoked in his first § 2255 motion."  (citation omitted)).

was wrongly classified as a career offender under the Sentencing Guidelines is not cognizable as a claim of actual innocence under the escape hatch." *Marrero*, 682 F.3d at 1195. Acknowledging that "actual innocence means factual innocence, not mere legal insufficiency," the court found that the petitioner was not eligible for the escape hatch despite a change in the law that resulted in the conclusion that the petitioner was "incorrectly treated as a career offender." *Id.* at 1193. At least one court within this circuit has found that *Marrero* applies specifically to instances where a petitioner is classified as a career offender under U.S.S.G. § 4B1.1. *Williams v. Fox*, 2016 WL 1530045 (C.D. Cal. Feb. 24, 2016), *Report and Recommendation adopted by* 2016 WL 1465316 (C.D. Cal. Apr. 14, 2016).

Petitioner's claim is foreclosed by the Ninth Circuit's holding in *Marrero*. Like the petitioner in *Marrero*, Petitioner in this case "does not claim that he was factually innocent of his prior convictions, nor does he argue that he was statutorily ineligible for the sentence he received, nor does he allege a constitutional violation." *Marrero*, 682 F.3d at 1195. Indeed, Petitioner pled guilty to the convictions on which his career offender status was based; he does not assert that either of his sentences exceed the statutory maximum sentences for his crimes;[7] and Petitioner himself asserts that his claim is statutory, not constitutional, in nature. Thus, Petitioner's claim that he was improperly classified as a career offender is not cognizable as a claim of actual innocence for the purposes of the escape hatch.

In sum, because Petitioner neither asserts a cognizable claim of actual innocence nor demonstrates that he has not had an unobstructed procedural shot at presenting his claim, he does not qualify for the escape hatch provision of section 2255(e). Accordingly, he may not bring the present challenge to his sentence as a 2241 petition in

---

[7] In any event, Petitioner reaffirmed at his sentencing hearing that he was involved in a conspiracy to distribute or possess five or more kilograms of cocaine. (CT at 12:18-21.) Thus, under 21 U.S.C. § 841, the statutory maximum on that conviction alone was a life prison term.

this Court but must raise it in a section 2255 motion.  Because a 2255 motion must be filed before the sentencing court, this Court lacks jurisdiction over Petitioner's claim.

B.   The Petition Should Not Be Transferred

Where a court lacks jurisdiction over a matter, that court may transfer the matter to a court with jurisdiction over the claim.  *See* 28 U.S.C. § 1631.  Transfer of habeas petitions is proper where: (1) the transferring court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time the action was filed; and (3) the transfer is in the interest of justice.  *See Cruz-Aguilera v. INS*, 245 F.3d 1070, 1074 (9th Cir. 2001).  Here, the Court declines to transfer this matter to the Western District of North Carolina or the Fourth Circuit Court of Appeals because Petitioner's claim appears time-barred.

As discussed above, Petitioner's claim is proper only as a section 2255 motion, not a petition under 2241.  Accordingly, the motion is subject to the one-year limitations period set forth in section 2255(f).  Under section 2255(f), the one-year limitations period begins running from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence

As noted previously, *Mathis* did not change the law in any way relevant to Petitioner's case and therefore neither removed any impediment to filing his claim nor enunciated any new right applicable here.  Thus, it appears that the one-year limitations

/ / /

period on Petitioner's claim began to run on the date his conviction became final.[8]  A conviction becomes final when "the availability of appeal [has been] exhausted, and the time for a petition for certiorari [has] elapsed or a petition for certiorari [has been] denied."  *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987).  The period for filing a petition for certiorari expires ninety days after the entry of the challenged judgment.  Sup. Ct. R. 13.1.  In this case, the period within which Petitioner could have filed a petition for certiorari expired on October 25, 2010, ninety days after the Fourth Circuit affirmed his conviction and sentence.  Because Petitioner's present challenge was not raised until October 13, 2016, it appears untimely.  Thus, the Court finds that transfer is improper.

**CONCLUSION**

For the foregoing reasons, the Petition is dismissed without prejudice for lack of jurisdiction.

IT IS SO ORDERED.


Date: 11/28/2016                              s/ RONALD S.W. LEW
                                          RONALD S. W. LEW
                                     United States District Judge


Presented by: /S/FREDERICK F. MUMM
                FREDERICK F. MUMM
             United States Magistrate Judge

---

[8]  Because Petitioner does not argue that his claim is based upon any newly discovered facts, the Court does not consider whether 2255(f)(4) is applicable here.